Filed 5/30/14  P. v. Torres CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ROBERTO E. TORRES,<br><br>　　　Defendant and Appellant. | B249000<br><br>(Los Angeles County<br>Super. Ct. No. KA086731) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Bruce F. Marrs, Judge.  Affirmed.

———

Verna Wefald, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Chung Mar and Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.

———

A jury convicted Roberto E. Torres of six counts:  (1) two counts of sexual intercourse or sodomy with a child 10 years of age or younger (Pen. Code, § 288.7, subd. (a))[1] (counts 1 and 2); (2) two counts of oral copulation or sexual penetration with a child 10 years of age or younger (§ 288.7, subd. (b) (counts 3 and 4); (3) one count of exhibiting harmful matter to a minor (§ 288.2) (count 5); and (4) one count of commission of a lewd act upon a child under 14 years of age (§ 288, subd. (a)) (count 6). Counts 1 through 4 and 5 involved Torres's niece; count 6 involved Torres's younger brother.  The trial court sentenced Torres to a state prison term of 80 years to life, consisting of consecutive terms of 25 years to life prescribed by section 288.7, subdivision (a), for counts 1 and 2 and consecutive terms of 15 years to life prescribed by section 288.7, subdivision (b), for counts 3 and 4.  The court imposed concurrent sentences of the two-year midterm for the section 288.2 violation in count 5 and of the six-year midterm for the section 288, subdivision (a), violation in count 6.  Torres appealed, contending that his sentence constitutes cruel and unusual punishment under the state and federal constitutions.  We disagree and thus affirm the judgment.

## DISCUSSION

"Whether a punishment is cruel or unusual is a question of law for the appellate court, but the underlying disputed facts must be viewed in the light most favorable to the judgment.  [Citations.]" (*People v. Martinez* (1999) 76 Cal.App.4th 489, 496.)  "Fixing the penalty for crimes is the province of the Legislature, which is in the best position to evaluate the gravity of different crimes and to make judgments among different penological approaches.  [Citations.]  Only in the rarest of cases could a court declare that the length of a sentence mandated by the Legislature is unconstitutionally excessive. [Citations.]" (*Id*. at p. 494.)

Against this backdrop, under the California Constitution, a sentence may violate the prohibition against cruel or unusual punishment only if it is so disproportionate to the crime for which it was imposed that it "shocks the conscience and offends fundamental

---

[1]     Statutory references are to the Penal Code.

notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424.) The appellate court considers (1) the nature of the offense and the offender, "with particular regard to the degree of danger both present to society"; (2) how the punishment compares with punishments for more serious crimes in the jurisdiction; and (3) how the punishment compares with the punishment for the same offense in other jurisdictions. (*Id*. at pp. 425-427.) A defendant must overcome a "considerable burden" to demonstrate his sentence is disproportionate to his level of culpability. (*People v. Wingo* (1975) 14 Cal.3d 169, 174.)

Regarding the nature of the offenses, Torres contends that his sentence of 80 years to life is cruel and unusual because it is tantamount to a sentence of life without the possibility of parole despite "the lack of physical evidence, the failure of [victim] Jane Doe to remember many details, and the failure of [victim] John Doe to report the molestations for many years." As to the nature of the offender, Torres maintains that, because he was in his early thirties when convicted, he "was still young enough that he could be rehabilitated" and that he deserved a lesser sentence based on the Static 99 report rating him as a moderate-to-low risk for reoffending and the fact his only prior conviction is for petty theft.

Looking at the nature of the offenses and the offender, however, demonstrates that Torres's sentence is not cruel or unusual. Although Torres complains about the evidence, as determined by the jury, which evaluated all of the evidence, the nature of the offenses shows that Torres committed sexual abuses of two child victims who are both family members. Given the seriousness of the offenses and the violations of trust of two young family members, neither Torres's age, his Static 99 rating or his limited conviction record suggests that his sentence is disproportionate to the crimes he committed. (*People v. Szadziewicz* (2008) 161 Cal.App.4th 823, 845 [prior clean record and age "are far from determinative" when "seriousness of the crime and the circumstances surrounding its commission substantially outweigh these factors"].) The punishment for the crimes against his niece, comprising the 80-year-to-life term, is set by the Legislature, which prescribed a 25-year-to-life penalty for sexual intercourse or sodomy with a child

3

10 years of age or younger under section 288.7, subdivision (a), and a 15-year-to-life penalty for oral copulation or sexual penetration under section 288.7, subdivision (b). "[G]reat deference is ordinarily paid to legislation designed to protect children, who all too frequently are helpless victims of sexual offenses." (*In re Wells* (1975) 46 Cal.App.3d 592, 599.) The 80-year-to-life term is commensurate with Torres's crimes given the evidence of sexual intercourse, sodomy, oral copulation and sexual penetration against the niece, the niece's "devastating" testimony describing some of the acts against her and Torres's abuse of multiple victims.[2]

As to punishment for other crimes in California, Torres contends that his sentence for multiple sexual offenses is disproportionate because it is a "far greater" sentence than that for first degree murder. Torres, however, committed multiple sexual abuse crimes against children for which the Legislature has prescribed distinct penalties. "[T]he commission of a single act of murder, while heinous and severely punished, cannot be compared with the commission of multiple felonies. [Citation.]" (*People v. Cooper* (1996) 43 Cal.App.4th 815, 826.) Courts consistently have rejected cruel and unusual punishment challenges to sentences that exceed a defendant's life expectancy when based on the commission of multiple sexual offenses. (See, e.g., *People v. Wallace* (1993) 14 Cal.App.4th 651, 666-667; *People v. Bestelmeyer* (1985) 166 Cal.App.3d 520, 528-532.)

Torres does not address the penalty in other jurisdictions for similar crimes and thus does not meet his burden to show cruel or unusual punishment on that basis.

Torres claims that his sentence does not reflect our country's "'evolving standards of decency'" but does not provide a distinct and separate cruel-and-unusual-punishment analysis under the federal Constitution. We note that, under the federal Constitution, the Eighth Amendment's cruel-and-unusual-punishment clause "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.' [Citations.]" (*Ewing v.*

---

[2]    As noted, the trial court imposed concurrent terms for the offense of exhibiting harmful matter to a minor in count 5 and the offense of commission of a lewd act upon a child under 14 years of age in count 6.

4

*California* (2003) 538 U.S. 11, 20.) In addition, "the principles developed by our [high] court [regarding cruel and unusual punishment] are similar to those developed by the United States Supreme Court . . . [and] the federal high court[] [has] reminde[d] that appellate courts, 'of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes[.]' [Citation.]" (*People v. Barrera* (1993) 14 Cal.App.4th 1555, 1566, fn. 7.) Given the narrow proportionality review permitted and the required deference to legislative sentencing determinations, Torres's cruel-and-unusual-punishment argument thus fares no better under the federal Constitution. (Cf. *Ashcroft v. Free Speech Coalition* (2002) 535 U.S. 234, 244 ["sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people"].)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, Acting P. J.

We concur:


CHANEY, J.


JOHNSON, J.